## S98Y1754. IN THE MATTER OF DONNIE E. PERRY.
### (509 SE2d 632)

PER CURIAM.

This disciplinary matter is before the Court on the recommendation of the review panel of the State Disciplinary Board, which found that the Respondent, Donnie E. Perry, violated Standards 4 (engaging in professional conduct involving dishonesty, fraud, deceit, or wilful misrepresentation) and 61 (failure to promptly notify a client of the receipt of client funds and failure to promptly deliver such funds to the client) of Bar Rule 4-102 (d) in connection with his representation of a client in a personal injury settlement. The review

---

panel recommends a 36-month suspension, with conditions. The State Bar and the special master appointed by this Court to conduct an investigation recommend that Perry be disbarred. Perry denies violating Standards 4 and 61 and argues that should any punishment be imposed, it should be less than a 36-month suspension and not include the review panel's stated conditions.

Perry was authorized by his client to engage in settlement discussions with an insurance company after his client was injured in an automobile accident. Perry was not authorized, however, to settle the claim without client authorization. Upon being offered a settlement amount, Perry accepted the insurance company's draft, and deposited it into his escrow account, even though the insurance company asked that the draft not be deposited until his client signed a release. After the insurance company threatened to report Perry to the State Bar if a signed release was not forthcoming, Perry returned a release bearing his client's purported signature to the insurance company, while maintaining to the client that he was still negotiating on her behalf. When the client learned of the settlement from the insurance company, Perry gave the client her portion of the settlement proceeds.

We have reviewed the record and agree with the review panel that a 36-month suspension with conditions on reinstatement is an appropriate sanction in this case. Although a violation of either Standard 4 or Standard 61 may be punished by disbarment, this Court considers Perry's lack of prior disciplinary problems, activity in various civic organizations, and reimbursement of all money owed to the client to be mitigating circumstances in this case. Accordingly, Perry is hereby suspended for a period of thirty-six months from the date of this opinion and may be reinstated only upon fulfilling the following conditions: (1) that he place himself under the jurisdiction of the State Bar Lawyer Assistance Program (LAP) for evaluation, treatment, and monitoring of any condition the LAP may determine appropriate; (2) that he provide any and all waivers required to allow LAP to provide information to the Office of the General Counsel of the State Bar of Georgia concerning Perry's condition, treatment, and progress; (3) that no sooner than the end of the thirtieth month after this Court's opinion in this matter, he shall take the Georgia Multi-State Professional Responsibility Exam (MPRE) or its successor and obtain certification from the Board of Bar Examiners of his passage of the MPRE before he can apply for readmission to practice; (4) that no sooner than the end of the thirty-sixth month after this Court's opinion in this matter, he may request that LAP review its records concerning him and obtain certification from LAP that, based on its review, he exhibits no symptom of any condition that would make him a danger to the public or his clients in the course of his practice

of law (he must obtain this certification before he can apply for readmission to practice law); (5) that no sooner than the end of the thirtysixth month after this Court's opinion in this matter, but subsequent to obtaining certification from LAP, he may request that the Office of General Counsel of the State Bar of Georgia review its records concerning him (he must obtain certification from the Office of General Counsel that, based on its review, he has engaged in no conduct which would make him a danger to the public or his clients in the course of his practice of law, and must obtain this certification before he can apply for readmission to practice law); (6) that he shall serve upon the Office of General Counsel copies of any certifications from LAP and the Board of Bar Examiners concerning his passage of the MPRE; (7) that he shall file the certifications from the Board of Bar Examiners, LAP, and the Office of General Counsel with the State Disciplinary Board; and (8) that he shall file any request for readmission to practice law with the appropriate Boards as provided by the then applicable Bar Rules (Perry's request must show that he has met all conditions for reinstatement).

Perry is reminded of his duties under Bar Rule 4-219 (c) to timely notify all of his clients of his inability to represent them, to take all actions necessary to protect their interests, and to certify to this Court that he has satisfied the requirements of such rule.

*Thirty-six month suspension, reinstatement upon conditions. All the Justices concur, except Hunstein, J., who dissents.*

HUNSTEIN, Justice, dissenting.

Based on Perry's violations of Standards 4 and 61, particularly his forgery of a client's signature on a release form, I agree with the recommendation made by the State Bar and the special master appointed by this Court and would disbar Perry. Accordingly, I must respectfully dissent from the majority's imposition of a three-year suspension.

DECIDED DECEMBER 4, 1998 —
RECONSIDERATION DENIED DECEMBER 18, 1998.

*William P. Smith III, General Counsel State Bar, K. Gene Chapman, Assistant General Counsel State Bar,* for State Bar of Georgia.
*Warren R. Hinds,* for Perry.