## S99Y0687. IN THE MATTER OF DONNIE E. PERRY.
### (515 SE2d 142)

PER CURIAM.

This disciplinary matter is before the court on the petition for voluntary surrender of license of the respondent, Donnie E. Perry. The State Bar and the special master appointed by this Court to conduct an investigation recommend that the Court accept Perry's petition. Perry admits violating Standards 44 (wilful abandonment or disregard of a legal matter to the client's detriment); and 65 (A) (commingling client funds with those of the attorney and failing to account for trust property held in a fiduciary capacity) of Bar Rule 4-102 (d) in connection with his representation of two clients. Each of the standards violated is punishable by disbarment.

One of the clients hired Perry to represent her in a claim against an insurance company that insured a driver involved in an automobile accident with the client. Perry negotiated a settlement of $750 with the insurance company, but the client rejected the settlement. Therefore, Perry subsequently filed a lawsuit on the client's behalf. After the lawsuit was dismissed for lack of service, Perry informed the insurance company that the client would settle the claim for $1,500. The insurance company issued a check for $1,500 made payable to the client and Perry which Perry deposited in his attorney escrow account. He later withdrew the funds for his own benefit. Perry did not have the client's authorization to settle the claim, did not inform the client of the settlement, and without just cause, wilfully failed to deliver the funds to the client or to take further action on her behalf. After the client learned of the settlement through the insurance company and demanded the return of her documents, Perry told the client that the settlement funds remained in his escrow account and sent an escrow account check for the settlement amount to the insurance company informing the company that

the client refused to settle for that amount.

Perry admits that by virtue of his wilful failure to act appropriately on the client's behalf, he violated Standard 44 of Bar Rule 4-102 (d).

In another case, Perry was hired to represent a client's business in a dispute with an out-of-state leasing corporation regarding a commercial lease. After being contacted by Perry, the corporation agreed to refund money to the client which had been erroneously deducted from her personal account instead of from a business account, but also insisted that the client pay the amount due on the commercial lease. Without the client's authorization, Perry received and endorsed a check sent by the corporation and made payable to the client. Perry failed to inform the client of the receipt of the check, Perry's conversion of the check for his own use, or the demand made by the corporation for the payment due on the lease. The corporation subsequently sued Perry's client who, after hiring another attorney, learned of Perry's receipt of the check from the corporation. Perry admits that by virtue of his receiving and endorsing the check from the corporation and using the funds for his own benefit he violated Standard 65 (A) of Bar Rule 4-102 (d).

We have reviewed the record and, based on Perry's violation of Standards 44 and 65 (A) of Bar Rule 4-102 (d), we accept his petition for voluntary surrender of license. We also note that Perry was recently suspended, with reinstatement upon conditions, by this Court in another matter. See *In the Matter of Perry*, 270 Ga. 401 (509 SE2d 632) (1998); reconsideration denied December 18, 1998. Pursuant to Bar Rule 4-110 (f), a voluntary surrender of license is tantamount to disbarment, and Perry is hereby disbarred from the practice of law in Georgia. He is reminded of his duties under Bar Rule 4-219 (c).

*Voluntary surrender of license accepted. All the Justices concur.*

DECIDED APRIL 12, 1999.

*William P. Smith III, General Counsel State Bar, K. Gene Chapman, Assistant General Counsel State Bar,* for State Bar of Georgia.
*Warren R. Hinds,* for Perry.